IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO. A-09-CR-127(6) LY |
| | § | |
| ELIZABETH DEL RIO | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:     THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

The Court conducted a hearing on November 18, 2013, and heard evidence and arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

I. PROCEDURAL BACKGROUND

On July 1, 2009, the Defendant was sentenced to 18 months in prison, and four years of supervised release, for maintaining a drug-involved premises, in violation of 21 U.S.C. § 856. The Defendant was released from the Bureau of Prisons and began supervision on December 14, 2010. The Defendant's adjustment to supervision was largely positive until August 2013. At that time she began to test positive for marijuana use. The Court was notified of these results, as well as the Defendant's failure to obtain her GED, and took no action at that time. On September 24, and October 18, the Defendant again tested positive for marijuana use, and failed to report for a drug test

on October 8, 2013. In completing a record check, the Probation Office also learned that on September 22, 2012, the Defendant had been cited for consuming alcohol in a prohibited place, and had been arrested on June 27, 2013, for outstanding municipal warrants. Based on all of this, the Probation Office submitted its petition and on October 30, 2013, the undersigned authorized the issuance of a warrant. The Defendant was arrested on November 13, 2013. On November 18, 2013, the Defendant and her attorney appeared before the undersigned Magistrate Judge. On the same date, the Defendant and her attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), the Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "True" to the charges against her.

## II.  FINDINGS OF THE COURT

1. The Defendant was competent to make the decision to plead true to the petition.

2. The Defendant had both a factual and rational understanding of the proceedings against her.

3. The Defendant does not suffer from any physical or mental impairment that would affect her ability to fully understand the charges against her or the consequences of her plea.

4. The Defendant has not had any injury that would affect her judgment in pleading true or that would affect her understanding of the basis, consequences, or effect of her plea.

5. The Defendant was sane and mentally competent to stand trial for these proceedings.

6. The Defendant was mentally competent to assist her attorney in the preparation and conduct of her defense.

7. The Defendant received a copy of the Petition naming her, and she read it.

8. The Defendant understood the Petition and the charges against her, and had the opportunity to discuss the Petition and charges with her attorney.

9. The Defendant understood that she had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

10. The Government, without objection from the Defendant, gave a summary of the evidence against the Defendant.

11. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

12. The Defendant understood all of her statutory and constitutional rights and desired to waive them.

13. The Defendant voluntarily gave consent to allocute before the United States Magistrate Judge.

14. The Defendant violated conditions of her supervised release by: (1) testing positive for the use of marijuana; (2) consuming alcohol; (3) failing to report her arrest on outstanding warrants; (4) failing to report for a drug test as ordered; and (5) failing to obtain a GED within one year of her release.

### III. RECOMMENDATION

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant, and has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade C, and the Defendant's criminal history category is I, resulting in an (advisory) guideline range of 3 to 9 months of imprisonment. As discussed at the hearing, the Court is disappointed in the Defendant's recent failure to comply with her conditions, despite being given warnings from her Probation Officer, and despite her having

a significant incentive to comply as a result of her ongoing CPS proceedings and her pregnancy. The Defendant is plainly capable of complying, as she completed two-and-a-half years of supervision without incident. It is likely not a coincidence that the violations took place not long after the Defendant's brother and co-defendant in this case began to reside with her. The Defendant insisted at the hearing that if given another chance to complete her term of supervision she could do so.

Although the Defendant quite plainly "fell off the wagon" in August 2013, her previous success warrants some consideration. In light of that success, as well as the fact that none of the violations are serious, the Court will recommend that the Defendant be continued on supervised release. The Court made it clear to the Defendant that if this recommendation is made and accepted, and she then fails, she would be punished more severely than if her supervision were revoked now. She made it clear that she understood this, and still asked to be given another opportunity to complete her supervised release.

**ACCORDINGLY IT IS RECOMMENDED** that the Defendant be **CONTINUED** on supervised release, with the following additions to her conditions of supervision:

1. The Defendant shall reside and work with her mother.

2. The Defendant shall not reside with Andrew Del Rio.

3. The Defendant shall not have contact with Andrew Del Rio unless she receives permission to do so from her Probation Officer, and Andrew Del Rio's Probation Officer approves the contact as well.

In the event the District Judge adopts this recommendation, and the Defendant again violates, the Court will have no choice but to recommend revocation. Further, the Court will adopt a "zero tolerance" approach to her continued supervision. On the other hand, if the Defendant demonstrates that she is taking her supervision seriously by remaining free of any violations, and also by obtaining

her GED on or before June 15, 2014, then the Court will, upon the motion of the Defendant, recommend to the District Judge that she be terminated from supervision early.

## IV.  WARNING

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S.Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996). To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 18th day of November, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE