IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V. § | NO. A-09-CR-127(6) LY |
| § | |
| ELIZABETH DEL RIO § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

The Court conducted a hearing on February 18, 2014, and heard evidence and arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

I. PROCEDURAL BACKGROUND

Ms. Del Rio was before the Court for a revocation proceeding just four months ago. In the undersigned's Report and Recommendation following that proceeding, the procedural history of this case up to that point was set out, *see* Dkt. No. 237, and thus will not be repeated here. In brief, Ms. Del Rio was sentenced to 18 months in prison and four years of supervised release on July 1, 2009. After multiple positive tests for marijuana use, failing to notify the probation office of arrests, consuming alcohol, and failing to provide urine specimens, a petition was filed on October 30, 2013, and Ms. Del Rio was arrested in early November. After a hearing, the Court recommended that Ms.

Del Rio be given one more chance to successfully complete her supervision, and even suggested that early termination would be possible if she obtained her GED by June 15, 2014. Judge Yeakel adopted the recommendation, and Ms. Del Rio was continued on supervision. Dkt. No. 239.

Unfortunately, Ms. Del Rio has not turned away from the problems that landed her before the Court in November, but rather appears to have stayed on the same course. On December 4, 2013, she failed to provide a urine sample, and on January 28, 2014, she failed to attend a counseling session. On January 29, 2014, she provided a urine sample that, when analyzed by Alere Labs, tested positive for cocaine. Further, the probation office learned that on February 9, 2014, Ms. Del Rio was a passenger in a car that was stopped for erratic driving. The driver was arrested for DUI, and was found in possession of PCP. He has several felony convictions. Del Rio was in the back seat with a person who had an outstanding felony warrant for criminal mischief. Both the driver and other back seat passenger were arrested. Del Rio did not have permission to associate with either. Based on all of this, the Probation Office submitted a petition to the Court, and on February 10, 2014, the undersigned authorized the issuance of a warrant. When Del Rio reported to the probation office on February 11, 2014, Del Rio failed to disclose the incident with the two arrests. Further, when the Deputy U.S. Marshals attempted to execute the arrest warrant, Del Rio was uncooperative, and stated her intention to "go off" not only on the deputies, but also on the undersigned. Eventually, with the assistance of four deputies, Del Rio was taken into custody.

On February, 18, 2014, the Defendant and her attorney appeared before the undersigned Magistrate Judge. On the same date, the Defendant and her attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), the Court held a Supervised Release Revocation Hearing, at which time the Defendant

pleaded "True" to the violations alleging associating with people involved in criminal behavior and with felony convictions, and alleging failure to provide a urine specimen and to attend a counseling session. She pled "Not True" to the allegation that she used cocaine.[1]

## II.  FINDINGS OF THE COURT

1.  The Defendant was competent to make the decision to plead true to the petition.

2.  The Defendant had both a factual and rational understanding of the proceedings against her.

3.  The Defendant does not suffer from any physical or mental impairment that would affect her ability to fully understand the charges against her or the consequences of her plea.

4.  The Defendant has not had any injury that would affect her judgment in pleading true or that would affect her understanding of the basis, consequences, or effect of her plea.

5.  The Defendant was sane and mentally competent to stand trial for these proceedings.

6.  The Defendant was mentally competent to assist her attorney in the preparation and conduct of her defense.

7.  The Defendant received a copy of the Petition naming her, and she read it.

8.  The Defendant understood the Petition and the charges against her, and had the opportunity to discuss the Petition and charges with her attorney.

9.  The Defendant understood that she had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

---

[1] As noted above, the government introduced the lab report indicating that Del Rio's sample tested positive for cocaine. However, the government did not offer any evidence to demonstrate the chain of custody of the sample, or to otherwise authenticate or lay a foundation for the report. As a result, the Court makes no finding on the first alleged violation.

10. The Government, without objection from the Defendant, gave a summary of the evidence against the Defendant.

11. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

12. The Defendant understood all of her statutory and constitutional rights and desired to waive them.

13. The Defendant voluntarily gave consent to allocute before the United States Magistrate Judge.

14. The Defendant violated conditions of her supervised release by: (1) associating with individuals involved in criminal activity and with felony warrants; (2) failing to report for a drug test as ordered; and (3) failing to attend a counseling session.

### III. RECOMMENDATION

In its Report and Recommendation from November, "[t]he Court made it clear to the Defendant that if th[at] recommendation [wa]s made and accepted, and she then fails, she would be punished more severely than if her supervision were revoked [then]. She made it clear that she understood this, and still asked to be given another opportunity to complete her supervised release." Dkt. No. 237 at 4. Unfortunately, Del Rio did not make choices that allowed her to complete her supervision successfully. Her activities are also troubling because she is 7 months pregnant with her sixth child.

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED. The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines.

The most serious violation is a Grade C, and the Defendant's criminal history category is I, resulting in an (advisory) guideline range of 3 to 9 months of imprisonment. Having considered all of the above, the undersigned RECOMMENDS that the Defendant be sentenced to 7 months of imprisonment, with no supervised release to follow.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 18th day of February, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE